**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000075**
**24-AUG-2022**
**08:05 AM**
**Dkt. 47 SO**

NO. CAAP-18-0000075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LIGAYA C. MARTIN, Plaintiff-Appellant, v.
RENATO S. MARTIN, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 09-1-3502)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Ligaya C. Martin (**Ligaya**) appeals from the Family Court of the First Circuit's[1] (1) January 31, 2018 "Order Granting Motion and Declaration for Post-Decree Relief" (**Order**) filed by Defendant-Appellee Renato S. Martin (**Renato**), and (2) March 16, 2018 "Findings of Fact and Conclusions of Law."[2]

---

[1] The Honorable Jessi L.K. Hall presided.

[2] Ligaya challenges findings of fact (**FOF**) 12-13 and conclusions of law (**COL**) 2-3, 6, and 8. She does not individually address why these findings

(continued . . . )

On appeal, Ligaya's sole point of error is that "the Family Court erred in ordering [her] to refinance the home and/or remove [Renato's] name from the mortgage." Ligaya asserts that, "[s]ince the parties' Divorce Decree [(**Decree**)]

_____

(continued . . . )

are clearly erroneous and why these conclusions are wrong, but appears to challenge them in the context of her argument. We address the challenged findings and conclusions in a likewise manner. FOF 12-13 and COL 2-3, 6, and 8 are as follows:

> **FOF 12.** The Court finds that Defendant has been harmed by not having his name removed from the mortgage debt on the real property at 1121 Kamehameha IV Road, Honolulu, Hawaii 96819 for the past seven (7) years.
>
> **FOF 13.** Defendant's Motion and Declaration for Post Decree Relief filed December 18, 2017 is hereby granted. Plaintiff has 90 days from January 31, 2018 to refinance the mortgage and/or remove Defendant's name from the mortgage.
>
> . . . .
>
> **COL 2.** The Family Court may further divide assets after a decree has been entered if it is necessary to effectuate the enforcement of the terms of the decree. Carroll v. Nagatori-Carroll, 90 [Hawaiʻi] 376 (1999).
>
> **COL 3.** The time limit to divide property only "pertains to the Family Court's jurisdiction to resolve the property division issue" pursuant to [Hawaii Revised Statutes (**HRS**) §] 580-56(d), not to enforcing an already ordered division of assets. Richter v. Richter, 108 [Hawaiʻi] 504 (2005).
>
> . . . .
>
> **COL 6.** Defendant was solely seeking to enforce the terms as they are set out in the Divorce Decree. As such [Hawaiʻi Family Court Rules Rule] 60(b) does not apply in this matter.
>
> . . . .
>
> **COL 8.** To the extent that any Finding of Fact herein is a Conclusion of Law, it shall be so construed. To the extent any Conclusion of Law herein is a Finding of Fact, it shall be so construed.

(Formatting altered.)

2

did not require [her] to remove [Renato's] name from the joint debt, enforcement of the parties' Divorce Decree cannot include removal of [his] name from the joint debt."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as discussed below and affirm.

"When interpreting a decree/judgment, the determinative factor is the intention of the court as gathered from all parts of the decree/judgment itself." Rosales v. Rosales, 108 Hawai'i 370, 374, 120 P.3d 269, 273 (App. 2005) (citation omitted). "Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

Here, Ligaya and Renato were divorced in March 2011. Both Ligaya and Renato agreed that the "Total Debt Owed" on the marital residence was $584,000. The Decree divided the marital residence as follows:

> Wife is awarded as her sole and separate property the parties' one-half interest in the marital residence located at 1121 Kam IV Road, Honolulu, Hawaii 96819, subject to the encumbrances thereon and shall indemnify and hold husband harmless therefrom.

3

(Formatting altered.)  The Decree then ordered that:

> Wife shall pay: The parties' joint debt on the marital residence and hold husband harmless therefrom.

(Formatting altered.)  The Decree did not require Ligaya to pay Renato for his interest in the marital residence.  About a year later, on Ligaya's motion, a quitclaim deed was filed removing Renato's name from the deed to the marital residence.

In December 2017, over six years after the Decree, Renato moved for post-decree relief seeking to have his name removed from the mortgage, and indicating that the total debt owed increased to $599,435.00.[3]  The record does not indicate that Ligaya challenged this amount.  During the hearing on the motion, Renato's attorney explained that Renato wanted his name removed from the mortgage because he cannot "qualify for any loan on a car or a house because his name wasn't removed in the -- in the mortgage . . . [h]is name was removed from the deed."  Renato's attorney further explained that Renato "tried to work it out with the creditor . . . tried to work it out with Miss -- Miss Ligaya . . . tried to work it out with all the children present . . . [and] tried to work it out with all the co-owners present.  But they won't budge and all for the reason that they can't qualify for a -- the loan . . . ."

---

[3] Renato also requested damages, but later clarified that he was only seeking to have his name removed from the mortgage.

Ligaya's attorney explained that "unfortunately in this case, or fortunately or however it is, the decree -- on page 4 of the decree, it just -- it awarded my client the property and -- subject to the encumbrances thereon, and her obligation is only to indemnify and hold harmless [Renato] from liability on the mortgage."  Ligaya's attorney continued, "And I will -- for offer of proof, my client -- the mortgage is current.  There's no showing there's any liability on the mortgage or at least [Renato] has had to pay anything on the mortgage."  Ligaya, herself, explained to the family court that her "sister having a problem on their business and so we seek for refinance" but "Ocwen took over the mortgage -- the first mortgage that we had.  And so again, instead of refinance, they gave us a loan modification which is I can't do anything because . . . my monthly payment was so high, and they gave us 25 hundred . . . which is I can't resist."

Again, the Decree ordered that Ligaya "shall pay:  The parties' joint debt on the marital residence . . . ."  At the time, both parties indicated that the total debt owed on the marital property was $584,000.00.  Although Ligaya represented that she had been making the monthly mortgage payments, those payments go towards paying down (lowering) the debt on the marital residence.  See Black's Law Dictionary, 1211 (11th ed. 2019) (defining "mortgage" as a "conveyance of title to property that is given as security for the payment of a debt").  Ligaya,

however, has not paid the debt on the marital residence as ordered by the Decree. Had she done so, Renato's name would not be on this debt.

The Decree could have ordered that Ligaya shall pay the monthly mortgage payments towards the joint debt, but it did not. And interpreting the Decree in that manner, as Ligaya urges we do, would bind Renato to the debt for the next 19 years ($584,000 debt ÷ $2,500 monthly payment ÷ 12 months), while being completely divested of title to the property. As gathered from all parts of the Decree, that does not appear to be the family court's intention, or just and equitable. See Rosales, 108 Hawai'i at 374, 120 P.3d at 273; Gordon v. Gordon, 135 Hawai'i 340, 348-49, 350 P.3d 1008, 1016-17 (2015) ("Under HRS § 580-47 [(Supp. 2017)], the family court has wide discretion to divide marital partnership property according to what is 'just and equitable' based on the facts and circumstances of each case.") (citation omitted).

Ligaya had over six years to comply with the Decree. During that time, Ligaya removed Renato's name from the deed, and was entitled to enjoy all the benefits of property ownership such as residing on the property and earning income from the property. Renato, on the other hand, says Ligaya's failure to comply with the Decree harmed him because he cannot qualify for a house or car loan.

Based on the foregoing, we hold that the family court's conclusion that Renato "was solely seeking to enforce the terms" of the Decree was correct, and its finding that Renato had "been harmed by not having his name removed from the mortgage debt on the real property . . ." was not clearly erroneous. We further hold that the family court did not manifestly abuse its discretion in granting Renato's request for post-decree relief.

Therefore, we affirm the family court's (1) January 31, 2018 "Order Granting Motion and Declaration for Post-Decree Relief filed by Defendant on December 15, 2017"; and (2) March 16, 2018 "Findings of Fact and Conclusions of Law."

DATED: Honolulu, Hawaiʻi, August 24, 2022.

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Ronald P. Tongg, | |
| for Plaintiff-Appellant. | /s/ Karen T. Nakasone |
| | Associate Judge |
| Rhoda Yabes Alvarez, | |
| for Defendant-Appellee. | /s/ Sonja M.P. McCullen |
| | Associate Judge |